Michael White
39650 Hiawatha Circle
Mechanicsville, MD 20650
(301) 481-5986
michaelrwhite@comcast.net

RECEIVED

2026 JAN 13 ₽ 4: 58

U.S. COURT OF APPEALS
FOURTH CIRCUIT

Tuesday, January 13, 2026

Clerk of Court
United States Court of Appeals
for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:    *In re Michael White* – Petition for Writ of Mandamus
       Related to: *Ashley Boshea v. Compass Marketing, Inc.*, No. 1:21-cv-00309-ELH (D. Md.)
       and USCA4 Appeal No. 26-1042

Dear Clerk:

Enclosed for filing please find my Petition for a Writ of Mandamus in the matter of *In re Michael White*. The petition seeks a writ directing the Honorable Ellen L. Hollander of the United States District Court for the District of Maryland to issue a ruling on my timely Motion for Reconsideration under Rule 59(e) [ECF 387] which remained pending and unresolved when the District Court transmitted the case to this Court in connection with USCA4 Appeal No. 26-1042.

The petition is related to the underlying District Court case *Ashley Boshea v. Compass Marketing, Inc.*, No. 1:21-CV-00309-ELH (D. Md.), and is filed to preserve and protect this Court's appellate jurisdiction by obtaining a ruling (or indicative ruling) on ECF 387 before appellate review proceeds.

I respectfully request that the Clerk docket this petition as *In re Michael White* and relate it to USCA4 Appeal No. 26-1042. Please notify me of the assigned case number and any further procedural requirements.

Thank you for your attention to this submission.

Respectfully,

Michael White

Enclosures: Petition for Writ of Mandamus

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

IN RE: MICHAEL WHITE

*On Petition for a Writ of Mandamus*

*Related to: Ashley Boshea v. Compass Marketing, Inc., No. 1:21-cv-00309-ELH (D. Md.) and USCA4 Appeal No. 26-1042*

## PETITION FOR A WRIT OF MANDAMUS

TO THE HONORABLE JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT:

Michael White ("Petitioner"), a non-party with standing expressly recognized by the United States District Court for the District of Maryland [ECF 385] and a 25% owner of Compass Marketing, Inc., respectfully petitions this Court for a writ of mandamus directing the Honorable Ellen L. Hollander, Judge of the United States District Court for the District of Maryland, to issue a ruling on Petitioner's timely Motion for Reconsideration Under Rule 59(e), filed November 17, 2025 [ECF 387], in Case No. 1:21-cv-00309-ELH (Boshea v. Compass Marketing, Inc.).

I. JURISDICTION AND CAPTION

The District Court has divested itself of subject-matter jurisdiction by transmitting the case to this Court on January 9, 2026, with Petitioner's ECF 387 pending and unresolved. This petition is filed concurrently with Petitioner's Notice of Appeal and is directed to preserving appellate jurisdiction and remediate the District Court's failure to rule before case transmission. Mandamus jurisdiction exists under 28 U.S.C. § 1651(a) (All Writs Act) and Fed. R. App. P. 21. A Writ of Mandamus is an appropriate remedy where a District Court lacks power to act or where there is no other adequate remedy at law.

II. FACTUAL BACKGROUND

A. Standing and Recognition

Petitioner is a 25% owner of Compass Marketing, Inc., the defendant in the underlying action. The District Court has expressly recognized Petitioner's standing to participate in this matter, both as a non-party shareholder and in connection with motions affecting the corporation's governance and the conduct of its purported representatives. See Order and Memorandum Opinion [ECF 385] (recognizing Petitioner's standing and allowing him to file motions in connection with sanctions against John White and Stephen B. Stern).

1

B. The Sanctions Motion and Order Below

On May 21, 2024, Petitioner filed a Motion for Sanctions [ECF 269, later supplemented at ECF 273] seeking sanctions against John White, Stephen B. Stern, and counsel for Compass Marketing, Inc., based on conduct that included:

1. Falsely asserting authority to represent Compass Marketing, Inc. without proper authorization from the shareholders;

2. Obscuring and misrepresenting the true ownership structure of the corporation;

3. Engaging in protracted, dilatory litigation designed to serve personal business interests rather than the interests of the company or its shareholders;

4. Engaging in conduct that violated Federal Rule of Civil Procedure 11 and abused the judicial process.

C. The District Court's Denial [ECF 386] and Petitioner's Reconsideration Motion [ECF 387

Eighteen months later, on October 30, 2025, the District Court issued a Memorandum Opinion [ECF 385] and Order [386], denying Petitioner's sanctions motion. The order addressed some factual and legal findings but raised new factual questions and legal reasoning that Petitioner contended warranted reconsideration.

Petitioner filed a timely Motion for Reconsideration [ECF 387], seeking reconsideration of the sanctions denial based on:

1. Intervening developments establishing additional evidence of misrepresentation and abuse of process;

2. Further clarification of Petitioner's standing to seek sanctions;

3. The District Court's failure to address specific factual findings and legal theories in the denial order that, if corrected, would warrant sanctions.

D. The District Court's Failure to Rule and Case Transmission

The District Court never ruled on ECF 387. The case record shows:

1. November 17, 2025: Petitioner filed ECF 387 (Rule 59(e) motion for reconsideration).

2. January 8, 2026: Compass Marketing, Inc. filed its Notice of Appeal [ECF 398].

3. January 9, 2026: The District Court transmitted the case to the Fourth Circuit [ECF 399], with ECF 387 still pending and unresolved.

The District Court divested itself of jurisdiction without ruling.

## III. LEGAL STANDARD FOR MANDAMUS

Under Fed. R. App. P. 21(a)(3), a petition for a writ of mandamus must show that:

1. The petitioner has no other adequate means of attaining the desired relief;

2. The petitioner has a clear and indisputable right to the writ;

3. The writ is in aid of the appellate jurisdiction of this Court; and

4. Issuance of the writ is not inconsistent with the normal operation of the judicial system.

Mandamus is particularly appropriate where a district court loses jurisdiction before ruling on a pending motion and where the failure to rule threatens to deprive a party of meaningful appellate review.

## IV. ARGUMENT

### A. No Other Adequate Remedy Exists

Petitioner has no adequate remedy at law short of mandamus. Once the District Court transmitted the case to this Court, it divested itself of subject-matter jurisdiction over the underlying action. See Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1 ("Indicative Ruling on a Motion for Relief That the Court Lacks Authority to Grant Because of an Appealable Order"). Under these rules, while the District Court may issue an "indicative ruling" suggesting how it would rule if jurisdiction were restored, it cannot itself reinstate jurisdiction or render a final ruling on a pending motion.

Although Petitioner has filed a Notice of Appeal and sought consolidation with the Compass appeal in USCA4 Appeal 26-1042, treating an unruled motion as "constructively denied" by case transmission is doctrinally uncertain and deprives Petitioner of the District Court's reasoned explanation of its decision. The motion deserves a ruling on the merits before appellate review proceeds.

A Writ of Mandamus is thus the proper vehicle to compel the District Court to exercise its duty to rule.

### B. Petitioner Has a Clear and Indisputable Right to a Ruling

District judges have a ministerial and mandatory duty to rule on pending motions before divesting jurisdiction. The Federal Rules of Appellate Procedure and Civil Procedure contemplate that District Courts will rule on timely motions or issue indicative rulings before case transmission.

Petitioner's Rule 59(e) motion was timely filed. It raised genuine legal and factual questions warranting reconsideration of a significant sanctions decision. The District Court's silence, neither a ruling nor an indicative ruling, left Petitioner in an unresolved procedural position and violated the District Court's implicit duty to dispose of pending matters before case transmission.

3

C. The Writ Is in Aid of Appellate Jurisdiction

Mandamus in aid of appellate jurisdiction is a core function of the Courts of Appeals, particularly where a District Court's inaction threatens to frustrate meaningful appellate review.

Here, Petitioner's right to appellate review of the sanctions denial [ECF 386] is jeopardized by the District Court's failure to rule on the reconsideration motion [ECF 387]. If the motion is treated as constructively denied without a reasoned ruling, Petitioner is deprived of the opportunity to know the District Court's reasoning and to present a coherent appellate challenge. A mandamus writ restores the District Court's opportunity to rule and ensures that appellate review can proceed on a complete record.

Moreover, this Court will be able to consolidate Petitioner's appeal with the Compass appeal in 26-1042 more efficiently once the District Court has ruled on ECF 387, clarifying which aspects of ECF 385 remain at issue.

D. Issuance of the Writ Is Consistent with Normal Judicial Operations

Granting mandamus would not disrupt normal judicial operations. The District Court would simply rule on a pending motion that was timely filed and never decided. This is a routine function that the District Court should have performed before case transmission. Mandamus merely enforces the District Court's existing, nondiscretionary duty.

V. PRAYER FOR RELIEF

Petitioner respectfully requests that this Court:

1. Issue a writ of mandamus directing the Honorable Ellen L. Hollander to issue a ruling on Petitioner's Motion for Reconsideration Under Rule 59(e) [ECF 387] within sixty (60) days of the issuance of this writ;

2. Alternatively, direct the District Court to issue an indicative ruling pursuant to Fed. R. Civ. P. 62.1 indicating how it would rule on ECF 387 if this Court were to remand for that purpose;

3. Consolidate this matter with USCA4 Appeal 26-1042 (Boshea v. Compass Marketing, Inc.);

4. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Michael White
39650 Hiawatha Circle
Mechanicsville, MD 20650
301-481-5986
michaelrwhite@comcast.net

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day, January 13, 2026, the foregoing Petition for a Writ of Mandamus was served via the U. S. Post on all counsel of record in USCA4 Appeal 26-1042 and on the District Court.

Respectfully submitted,

Michael White